UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW T. WHITCOMB,

          Plaintiff,

v.                                                Case No. 23-cv-385-pp

LAURA SUKOWATY,

          Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 3), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 22) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR RESPONSE TO HIS MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 23)**

      Plaintiff Andrew T. Whitcomb is proceeding under 42 U.S.C. §1983 on an Eighth Amendment claim against a doctor at Waupun Correctional Institution, who he claims failed to approve him for medically necessary hernia surgery. The plaintiff also seeks a preliminary injunction requiring the defendant to perform the surgery, and in an earlier order, the court found that the plaintiff tentatively had satisfied the requirements for a preliminary injunction based on the allegations in his motion. Dkt. No. 9 at 13. This order resolves the plaintiff's pending motions for a preliminary injunction, for a response to his motion for a preliminary injunction and to appoint counsel.

**I.    Motion for a Preliminary Injunction (Dkt. No. 3)**

      On May 25, 2023, the court ordered service of the complaint on the defendant and ordered that within eight days, she must respond to the

plaintiff's motion for a preliminary injunction. Dkt. No. 9 at 14–15. The court granted the defendant's motion to extend that deadline after she told the court that the plaintiff was in the hospital and she had been unable to secure a medical authorization from him to review his medical records and prepare a response to his motion. Dkt. No. 13. The court also ordered the plaintiff to sign and send the medical authorization to the defendant, or the court would deny his motion for a preliminary injunction. Dkt. No. 18. On July 25, 2023, the court received a document from the plaintiff titled, "Motion for a Response on Plaintiffs Preliminary Injunction." Dkt. No. 23. In that motion, the plaintiff says that he sent the defendant his medical authorization as the court had ordered him to do, but that the defendant had not yet responded to his motion for a preliminary injunction. Dkt. No. 23 at 1. On July 26, 2023, the court ordered the defendant either to provide an update on the plaintiff's medical authorization or, if she had received the authorization, to respond to the plaintiff's motion for a preliminary injunction. Dkt. No. 24.

On July 28, 2023, the court received the defendant's response to the plaintiff's preliminary injunction motion, a declaration from defense counsel and a declaration from defendant Dr. Laura Sukowaty. Dkt. Nos. 26–28. Defense counsel avers in her declaration that she received the plaintiff's medical authorization, requested a copy of the plaintiff's records from Waupun and received on July 28, 2023—the day the defendant filed her response—had received 8,011 pages of records. Dkt. No. 26 a ¶¶4–5. Counsel avers that she did not have adequate time to review all the records, so (because she had the

plaintiff's signed medical release) she asked Dr. Sukowaty to provide only the relevant records necessary to respond to the plaintiff's motion for a preliminary injunction. Id. at ¶7. Those records are attached to Dr. Sukowaty's declaration. Dkt. No. 27-1.

The defendant says that on May 25, 2023—two months before the plaintiff filed his motion seeking the defendant's response on his motion for a preliminary injunction—doctors performed a laparotomy to remove a foreign body that the plaintiff had swallowed, and during that procedure they repaired his hernia. Dkt. No. 28 at 1. The defendant asserts that the plaintiff's request for a preliminary injunction is moot and that the court should deny it. Id. at 3.

In her declaration, Dr. Sukowaty details types of hernias, the plaintiff's surgical history and the plaintiff's history of requesting surgery to repair his hernia. Dkt. No. 27 at 1–9. She notes that the plaintiff has been hospitalized at least eleven times since he has been incarcerated at Waupun, and he has had multiple surgeries to remove foreign objects that he swallowed. Id. at ¶¶16, 19. Relevant to the plaintiff's request for a preliminary injunction, Dr. Sukowaty avers that on May 21, 2023, staff at UW Health evaluated the plaintiff for his claims that he had swallowed foreign objects. Id. at ¶42. A CT scan of the plaintiff's abdomen showed two foreign objects in the plaintiff's stomach. Id. at ¶43; Dkt. No. 27-1 at 10. On May 25, 2023, Dr. Charles Shahan at UW Health performed an exploratory laparotomy, during which he removed the two foreign objects and repaired the plaintiff's hernia. Dkt. No. 27 at ¶44; Dkt. No. 27-1 at 11. The plaintiff was readmitted to the hospital days later because he developed

3
Case 2:23-cv-00385-PP   Filed 09/08/23   Page 3 of 11   Document 32

an infection. Dkt. No. 27 at ¶45. Dr. Sukowaty says the risk of infection is one of the reasons the prison had not earlier approved surgery to repair the plaintiff's hernia. Id.

The medical records attached to Dr. Sukowaty's declaration include a May 28, 2023 discharge summary from UW Health, indicating that on May 25, 2023, Dr. Charles Shahan had performed exploratory laparotomy, removed two foreign bodies and performed "right hernia repair . . . ." Dkt. No. 27-1 at 9.

The defendant asserts that the court not only should deny the plaintiff's request for a preliminary injunction but also should dismiss this lawsuit. Dkt. No. 28 at 2. The defendant contends that her declaration and the plaintiff's medical records show that there is "no factual basis supporting Plaintiff's deliberate indifference claims." Dkt. No. 28 at 2. The plaintiff did not file a reply to the defendant's response and did not respond to her assertion that the court should dismiss the lawsuit.

The court previously explained what the plaintiff must show to obtain a preliminary injunction: "(1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction." Dkt. No. 9 at 11 (citing Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007)). In its earlier order, the court concluded—based only on the assertions in the plaintiff's motion for a preliminary injunction—that the plaintiff had satisfied those threshold elements. Id. at 12.

Given the additional information in Dr. Sukowaty's declaration and the plaintiff's medical records, which detail events that occurred two months after the plaintiff filed this lawsuit and his motion for a preliminary injunction, the court finds that the plaintiff has not satisfied the threshold requirements for obtaining a preliminary injunction. The plaintiff's medical records show that he has received the hernia surgery he sought, so he no longer faces the irreparable harm he feared. His complaint seeks damages, which are an adequate remedy for the delay that he alleges he unnecessarily suffered awaiting the surgery. Finally, the court allowed the plaintiff to proceed in this case based on the allegations in his complaint, which the court was required to accept as true. Dkt. No. 9 at 3 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). But the information the defendant since has provided contradicts the plaintiff's allegations and suggests a lower likelihood that he will succeed on the merits of his claim. Because the plaintiff no longer satisfies the three threshold criteria for obtaining a preliminary injunction, the court will deny his request for one. The court also will deny as moot his request for a response to his motion for a preliminary injunction (Dkt. No. 23) because the defendant has responded.

But the court will not grant the defendant's request to dismiss the lawsuit for failure to state a claim. As noted, the court accepted the allegations in the plaintiff's complaint as true for purposes of screening. That is the same standard the court would follow in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (which is, in effect, what the defendant has sought in her response to the plaintiff's motion for a preliminary injunction).

The plaintiff's complaint alleged that on November 7, 2022, a doctor diagnosed his hernia and recommended surgery to correct it. Dkt. No. 1 at ¶4. He alleged that Dr. Sukowaty failed to prescribe him anything for his pain and refused to approve the recommendation for surgery. Id. at ¶¶3, 5–6. He claims that Dr. Sukowaty told the plaintiff that he "did it to [him]self" and was "using [his] mental health against [him]." Id. at ¶7. He alleges that he suffered pain and mental and emotional harm awaiting surgery to repair the hernia. Id. at 2. The defendant contests those allegations and has submitted evidence contradicting the plaintiff's version of events. But that does not mean that the allegations in the complaint—*accepted as true*—fail to state a claim for which a federal court may grant relief. In the screening order, the court determined that the complaint sufficiently alleged that the plaintiff had an objectively serious medical condition (his hernia) that the defendant was aware of, and that she disregarded his need for surgery to correct it. Id. at 8–9.

If the defendant believes her evidence (her declaration and the plaintiff's medical records) shows that the plaintiff's claim is without merit, then the proper next step is to file a motion for summary judgment. The court will not convert her response to the plaintiff's motion for a preliminary injunction into a motion for summary judgment because her response does not comply with the court's summary judgment procedures, see Civil Local Rule 56(b) (E.D. Wis.), the parties have not yet engaged in discovery and the plaintiff has not had an opportunity to obtain information from the defendant that he would need to respond to a motion for summary judgment. See Santana v. Cook Cty. Bd. of

Rev., 679 F.3d 614, 619 (7th Cir. 2012) (concluding that conversion of motion to dismiss into one for summary judgment was proper where "[t]he parties had ample notice . . . [and] time to respond"). The defendant concedes she has not had time to review the plaintiff's full medical records. Under these circumstances, it would not be appropriate to treat the defendant's response as a motion for summary judgment or to dismiss the case. The court will enter a separate order setting deadlines for the parties to engage in discovery and file dispositive motions.

## II. Plaintiff's Motion to Appoint Counsel (Dkt. No. 22)

On July 25, 2023, the court also received from the plaintiff a motion to appoint counsel to represent him. Dkt. No. 22. The plaintiff says that he is mentally ill; the issues in his case are complex; and his prison (Waupun) has been on lock down for three months, limiting his access to the law library and hindering his ability to write to lawyers to request their assistance. Id. at 1–2.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's

literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The court also may consider the plaintiff's chances of succeeding in his lawsuit when deciding a motion for recruitment of counsel. Watts v. Kidman, 42 F.4th 755, 764 (7th Cir. 2022). The Seventh Circuit has instructed courts to "'be careful stewards of the limited resource of volunteer lawyers'—particularly in districts where the demand for pro bono services far outpaces the supply of law firms or solo practitioners with 'the resources to deploy aid.'" Id. (quoting Eagan v. Dempsey, 987 F.3d 667, 700 (7th Cir. 2021) (Easterbrook, J., dissenting in part) (cleaned up)). That means the court must consider "the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." Id.

The plaintiff has not satisfied either Pruitt factor. The plaintiff admits he has not contacted any attorneys or firms about representing him, but he also says he has been unable to do so because his prison is on lockdown. He says he will need law library access to obtain contact information for any attorneys or firms to whom he may want to write and request their assistance. Even if that is true, the plaintiff does not explain why he is one of those self-

represented litigants most in need of assistance to present his claims. The plaintiff's complaint thoroughly details his claim that he has been denied adequate and timely medical treatment. The court determined that he also presented sufficient information to require the defendant to respond to his motion for a preliminary injunction, which is hard for a self-represented person to do. The fact that new evidence shows that the plaintiff is not entitled to a preliminary injunction does not take detract from his proven ability to articulate his claims and support them with facts. But the new evidence also suggests that the plaintiff is unlikely to succeed on the merits of his claim, which weighs against recruiting a lawyer for him. See Watts, 42 F.4th at 766.

Although the plaintiff filed this case in March 2023, it remains at an early stage in the litigation. The defendant has answered the complaint, but the parties have not yet exchanged information (aside from the plaintiff's voluminous medical records) relevant to the plaintiff's claims. As the case progresses, the legal and factual issues may become too complex for the plaintiff to handle on his own, or his circumstances may change, or he may find himself unable to obtain the information he believes he needs to prove his claims. If any of those things occur, the plaintiff may renew his request for assistance in recruiting counsel. But at this early stage of the proceedings, the court concludes that the plaintiff has not shown that he is unable to litigate the case on his own.

### III. Conclusion

The court **DENIES** the plaintiff's motion for a preliminary injunction. Dkt. No. 3.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 22.

The court **DENIES AS MOOT** the plaintiff's motion for a response to his motion for a preliminary injunction. Dkt. No. 23.

The court will enter a separate scheduling order with information regarding the next steps in this case.

Dated in Milwaukee, Wisconsin this 8th day of September, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**