UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW T. WHITCOMB,

                Plaintiff,

v.                                                        Case No. 23-cv-385-pp

LAURA SUKOWATY,

                Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 81)**

On December 27, 2024, the court granted the defendant's unopposed motion for summary judgment, entered judgment and dismissed this case. Dkt. Nos. 79, 80. The court thoroughly explained the procedural background of the defendant's motion, which involved the defendant three times requesting an extension of her deadline to file a dispositive motion and then filing a statement of proposed facts that violated the court's local rules. See Dkt. No. 60 at 2. The court denied the summary judgment motion without prejudice—for that reason and because it was not clear whether the plaintiff had received the defendant's opposition materials. Id. at 3. The defendant asked leave to refile the same statement of proposed facts that the court previously had rejected as violating the local rules, and the court denied that motion. Dkt. No. 65. The defendant then filed an amended summary judgment motion but did not include any declarations or evidence in support of the motion and proposed facts. See Dkt.

No. 69. The court ordered the defendant to file those missing documents; she did so the same day. Dkt. Nos. 69–74.

On October 28, 2024, the court ordered that by the end of the day on November 20, 2024, the plaintiff must respond to the defendant's complete, amended summary judgment motion. Dkt. No. 76. The court advised the plaintiff that if he did not respond to the defendant's motion by that deadline, the court would treat the motion as unopposed and likely would grant it and dismiss the case. Id. at 2–3. The same day, the court received the plaintiff's motion to "dismiss" the defendant's summary judgment motion and any future motion for summary judgment she might file. Dkt. No. 75. The court denied that motion, explaining that the defendant "DID move for summary judgment" and reminding the plaintiff "to respond by November 20, 2024." Dkt. No. 77.

The November 20, 2024 deadline passed and the court did not receive anything from the plaintiff in response to the defendant's motion for summary judgment. Nor did the court receive a letter or motion from the plaintiff describing any difficulties he was having responding to the defendant's motion or requesting additional time to respond to it. Because the court had "no reason to believe that the plaintiff did not receive the defendant's motion and materials or the court's previous order," the court "enforce[d] its previous order and consider[ed] the defendant's proposed facts to be undisputed and the assertions in the defendant's brief to be unopposed for purposes of th[e] decision." Dkt. No. 79 at 4. The court reviewed the defendant's unopposed motion and the undisputed facts and determined that the defendant was entitled to judgment as a matter of law. Id. at 23.

On January 23, 2025, the court received the plaintiff's motion for reconsideration of its decision granting summary judgment for the defendant. Dkt. No. 81. The plaintiff says that he "did not understand that [he] needed to respond to a motion that clearly violated Local Rules." Id. at 2. He points to footnote 1 in the court's summary judgment order, in which the court opined that the defendant's motion and materials "no more comply with this court's local rules than did the previous materials she filed." Id. at 1 (citing Dkt. No. 79 at 4, n.1. The court admonished the defendant, "In the future, the court expects counsel to carefully read and comply with the local rules and both the letter and the spirit of court orders." Dkt. No. 79 at 4, n.1. The plaintiff claims that he believed that because of this error, the court would dismiss the defendant's motion rather than rule on it. Dkt. No. 81 at 2. He explains that he "was in and out of observation for suicide attempts" and that his institution "lost or misplaced many of [his] legal papers." Id. at 1–2. He says that he "was unable to find the deadline to comply with it and or [*sic*] file any response [without] the entire summary judgment motion." Id. at 2. He asks the court to reinstate this lawsuit and either allow him to respond to the defendant's motion or deny the motion and allow the case to proceed to trial. Id.

The defendant opposes the motion. Dkt. No. 82. She recounts that "in its final ruling, the Court did not state that Defendant's motion 'clearly violated local rules.'" Id. at 2. The defendant argues that the plaintiff "offers no evidence in his motion for reconsideration that would alter the outcome of dismissal." Id. She asserts that because there is no medical evidence supporting the plaintiff's claim that "'delaying [his] surgery caused the plaintiffs continued symptoms,

there is no basis to hold [the defendant] liable for not immediately approving the surgery.'" Id. (quoting Dkt. No. 79 at 21).

The plaintiff cited no authority supporting his motion for reconsideration. Because he filed it within twenty-eight days of the judgment, the court construes it as if he had brought it under Federal Rule of Civil Procedure 59(e). Under Rule 59(e), a party may move to alter or amend a judgment if it can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001), and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Relief under Rule 59(e) is an 'extraordinary remed[y] reserved for the exceptional case.'" Vesey v. Envoy Air, Inc., 999 F.3d 456, 463 (7th Cir. 2021) (quoting Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015)).

The plaintiff has not asserted that the court committed a manifest error of law or fact, has not presented newly discovered evidence and has not presented exceptional circumstances warranting relief. He asserts that he did not believe he needed to respond to the defendant's motion because of a footnote in the court's decision granting that motion. But the court had not written that footnote or determined that the defendant's motion remained problematic until it issued its final decision *granting* the motion. Before issuing

4

Case 2:23-cv-00385-PP    Filed 02/05/25    Page 4 of 6    Document 83

that decision, the court *twice* told the plaintiff that he needed to respond to the defendant's amended motion by November 20, 2024 or the court would consider the motion unopposed. Dkt. Nos. 76, 77. One of those times was in an order *denying* his motion to dismiss the defendant's motion for summary judgment. Dkt. No. 77. That order made clear that the court would not be dismissing the defendant's motion for summary judgment, and that the plaintiff was required to respond to the motion or risk dismissal. The fact that the court *later* identified additional problems with the defendant's summary judgment materials did not excuse the plaintiff from complying with the court's orders and responding to the summary judgment motion.

The plaintiff also says that his institution lost or misplaced his legal papers, so he was unaware of the deadline and unable to respond. But the plaintiff did not advise the court of that fact *before* his deadline passed. The court repeatedly advised the plaintiff of his responsibility to meet court deadlines and to notify the court if he encountered problems or needed additional time, which the court said it would provide to him. See Dkt. No. 8 at 4; Dkt. No. 9 at 16; Dkt. No. 18 at 3–4; Dkt. No. 33 at ¶3; Dkt. No. 57 at 1–2; Dkt. No. 60 at 2–4; Dkt. No. 76 at 1–2; Dkt. No. 77. The plaintiff's failure to notify the court *before his deadline to respond had passed* that he did not have all his legal papers shows a failure on his part to diligently litigate his case. It is not a manifest error of law or fact and provides no basis for the court to reconsider its previous order granting summary judgment and dismissing this case.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 81.

Dated in Milwaukee, Wisconsin this 5th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**